## NATIONAL BANK OF ATHENS *v.* BURT.

1. The action being upon a promissory note, a plea alleging payment to an agent of the plaintiff " authorized to receive payment of said note " was not incomplete because it did not aver that the alleged agent had the note in his hands at the time it was paid.
2. The evidence offered in support of the defendant's plea was properly admitted.
3. There being evidence sufficient to warrant the jury in finding that the alleged agent had express authority from the plaintiff to collect the note sued upon, and also that the latter had ratified partial collections thereon made by the former, the court did not err in giving in charge to the jury §2178 of the code.
4. The record discloses no cause for granting a new trial in this case.

April 27, 1896. Argued at the last term.

Complaint on note. Before Judge Reese. Oglethorpe superior court. April term, 1895.

*Hamilton McWhorter*, for plaintiff. *W. M. Howard*, by *Anderson, Felder & Davis*, for defendant.

LUMPKIN, Justice.

Burt executed and delivered a promissory note to Reaves, payable to the order of the latter at the office of the Reaves Warehouse Company. This note, before its maturity, was duly assigned to the National Bank of Athens, which brought suit upon the same against Burt as maker, and Reaves as indorser. Burt's defense was, that he had paid the note to the Reaves Warehouse Company, and that it, as the agent of the plaintiff, was "authorized to receive

payment of said note." The plain meaning of this language is, that the warehouse company had express authority from the bank to collect this identical note; and this being so, it was not essential that the defendant's plea should allege the note was actually in the hands of the agent at the time of its payment. We therefore hold that the plea was good without this allegation, and it follows, of course, that evidence in support of it was properly received.

Complaint is made that the court gave in charge to the jury section 2178 of the code. There certainly was no error in so doing, it appearing from the record that the defendant introduced evidence strongly tending to show that the warehouse company had express authority from the bank to collect from Burt the note sued on, and also that the bank had ratified partial collections upon the note made by the warehouse company before it was finally settled. The case was one in which the question of agency, both express and implied, was directly involved, and therefore the provisions of the above mentioned section of the code, which deals with this subject, were strictly applicable.

The jury were warranted in finding that the plea of the defendant was sustained by the facts of the transaction, and we find no cause for disturbing the judgment of the court below, refusing to grant a new trial.

*Judgment affirmed.*